UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| In Re: | ) | Case No: 12-02872-als11 |
| | ) | |
| **NATURAL PORK PRODUCTION II, LLP** | ) | Chapter 11 |
| | ) | |
| | ) | Hon. Anita L. Shodeen |
| Debtor and Debtor in Possession. | ) | |
| | ) | **DEBTOR'S THIRD MOTION TO** |
| PO Box 468 | ) | **EXTEND EXCLUSIVE PERIOD TO** |
| Harlan, IA  51537 | ) | **FILE DISCLOSURE STATEMENT** |
| | ) | **AND PLAN OF REORGANIZATION** |
| EIN: 03-0480873 | ) | |
| _____ | ) | No Hearing Set |

Natural Pork Production II, LLP, Debtor and Debtor in Possession in the above-entitled Chapter 11 case herein, by and through its duly-employed General Reorganization Counsel, Jeffrey D. Goetz, Esq. of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and pursuant to Bankruptcy Code Section 1121(d) respectfully submits the instant motion for an order extending the exclusive period by one hundred and twenty (120) days during which only the Debtor may file a Disclosure Statement and Plan of Reorganization.  In support of this motion, the Debtor would state as follows:

1. On September 11, 2012, the Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code (the "Petition Date").  The Debtor is now duly acting as a Debtor in Possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. Bankruptcy Code § 1121(b) provides that the Debtor has the exclusive right to file a Plan of Reorganization during the first 120 days after the Petition Date (hereinafter referred to as the "Exclusive Period").  On January 9, 2013, and prior to expiration of the Exclusive Period, the Debtor filed its first Motion to Extend Exclusive Period [Docket Item 243], seeking a one hundred and twenty (120) day extension of the Exclusive Period.  The Court entered its Order on February

27, 2013 [Docket Item 303] extending the Exclusive Period to May 9, 2013. On May 6, 2013, and prior to the expiration of the Exclusive Period, the Debtor filed a Second Motion to Extend Exclusive Period [Docket Item 394], seeking a one hundred and twenty (120) day extension of the Exclusive Period. The Court entered its Order on May 29, 2013 [Docket Item 413] extending the Exclusive Period to September 9, 2013.

      3.      Bankruptcy Code § 1121(d) provides that the Debtor may request that the Exclusive Period be extended, for cause, after notice and opportunity for hearing, provided such request is made within the Exclusive Period, and therefore this Third Motion to Extend Exclusive Period is timely filed.

      4.      The Debtor would assert that it is current in all of its obligations under the Bankruptcy Code and Rules, and the requirements of the Office of the United States Trustee in the instant case.

      5.      Much of the Debtor's attention and that of its counsel, during the third 120 days of this case were devoted primarily to sale of the properties held by the Debtor and three (3) of its wholly owned subsidiaries. The Debtor continues to sell and otherwise liquidate its remaining assets in an orderly manner.

      6.      The Court is also aware that there are seven (7) pending adversary proceedings in the case that seek resolution of several legal and factual issues that are fundamental, if not critical, to the formulation of a disclosure statement and plan. Although the Debtor does not concede at this time these matters must be resolved prior to its being able to prepare and submit a disclosure statement and plan, it would be somewhat difficult to propose same.

      7.      On December 7, 2012, four (4) wholly-owned subsidiaries of the Debtor filed their own individual Chapter 11 cases. Although those cases are not currently jointly administered or

substantively consolidated with the instant case, serious consideration will need to be given to the status and future of those cases, in connection with the Debtor herein preparing and filing a disclosure statement and plan.

8. Based on the above facts and circumstances, the Debtor would assert that cause exists for a short and reasonable third extension of the Exclusive Period.

Therefore, the Debtor respectfully requests the court enter an order:

A) Granting the Debtor's motion;

B) Extending the Exclusive Period which ends on September 9, 2013, for one hundred and twenty (120) days or to and including January 7, 2014; and

C) For such other and further relief as the court may find just and equitable under the circumstances.

Respectfully submitted,

Dated: 9/5/2013

 */s/ Jeffrey D. Goetz*
Jeffrey D. Goetz, Esq., IS# 9999366
Bradshaw Fowler Proctor & Fairgrave, PC
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com

General Reorganization Counsel for
Natural Pork Production II, LLP
Debtor and Debtor in Possession

CERTIFICATE OF SERVICE:  This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing. */s/    Barbara Warner*