## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In Re:<br><br>**NATURAL PORK PRODUCTION II, LLP**<br><br>Debtor and Debtor in Possession.<br><br>PO Box 468<br>Harlan, IA  51537<br><br>EIN: 03-0480873 | Case No: 12-02872-als11<br><br>Chapter 11<br><br>Hon. Anita L. Shodeen<br><br>**DEBTOR'S FOURTH MOTION TO EXTEND EXCLUSIVE PERIOD TO FILE DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**<br><br>No Hearing Set |

Natural Pork Production II, LLP, Debtor and Debtor in Possession in the above-entitled Chapter 11 case herein, by and through its duly-employed General Reorganization Counsel, Jeffrey D. Goetz, Esq. of the law firm of Bradshaw, Fowler, Proctor & Fairgrave, P.C., and pursuant to Bankruptcy Code Section 1121(d) respectfully submits the instant motion for an order extending the exclusive period by Fourteen (14) days during which only the Debtor may file a Disclosure Statement and Plan of Reorganization.  In support of this motion, the Debtor would state as follows:

1.    On September 11, 2012, the Debtor filed its Voluntary Petition under Chapter 11 of the Bankruptcy Code (the "Petition Date").  The Debtor is now duly acting as a Debtor in Possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.    Bankruptcy Code § 1121(b) provides that the Debtor has the exclusive right to file a Plan of Reorganization during the first 120 days after the Petition Date (hereinafter referred to as the "Exclusive Period").  On January 9, 2013, and prior to expiration of the Exclusive Period, the Debtor filed its first Motion to Extend Exclusive Period [Docket Item 243], seeking a one hundred and twenty (120) day extension of the Exclusive Period.  The Court entered its Order on February

27, 2013 [Docket Item 303] extending the Exclusive Period to May 9, 2013. On May 6, 2013, and prior to the expiration of the Exclusive Period, the Debtor filed a Second Motion to Extend Exclusive Period [Docket Item 394], seeking a one hundred and twenty (120) day extension of the Exclusive Period. The Court entered its Order on May 29, 2013 [Docket Item 413] extending the Exclusive Period to September 9, 2013.

     3.     On September 5, 2013, and prior to the expiration of the Exclusive Period, the Debtor filed a Third Motion to Extend Exclusive Period [Docket Item 491], seeking a one hundred and twenty (120) day extension of the Exclusive Period. After notice and hearing held on October 22, 12013, the Court entered its Order on October 25, 2013 [Docket Item 535] extending the Exclusive Period to January 7, 2014.

     4.     Bankruptcy Code § 1121(d) provides that the Debtor may request that the Exclusive Period be extended, for cause, after notice and opportunity for hearing, provided such request is made within the Exclusive Period, and therefore this Fourth Motion to Extend Exclusive Period is timely filed.

     5.     The Debtor would assert that it is current in all of its obligations under the Bankruptcy Code and Rules, and the requirements of the Office of the United States Trustee in the instant case.

     6.     Pursuant to the Court's admonition and direction to Debtor at the October 22nd hearing, Debtor's General Reorganization Counsel has been diligently devoting significant time and resources to drafting both a Joint Disclosure Statement and Joint Liquidating Plan of Reorganization, with the good-faith intent on filing same on or before January 7, 2014.

     7.     Although significant progress has been made towards this goal, the Debtor is not able to complete a Joint Disclosure Statement that will meet the requirements of Bankruptcy Code

2

Section 1125 by the January 7, 2014 deadline.

8.  Notwithstanding the fact the case involves a "liquidating" debtor, there are several complexities to the drafting, editing and finalizing of this Joint Disclosure Statement and Joint Liquidating Plan of Reorganization, based on the desire to seek substantive consolidation of this bankruptcy estate with the other Four (4) affiliated bankruptcy cases, and relatively unique relief regarding technical tax issues, 12 classes of creditors and 2 classes of interests, and requiring the input and consensus of all of the debtor's duly-employed professionals.

9.  General Reorganization Counsel's good-faith representation is that both the Joint Disclosure Statement and Joint Liquidating Plan of Reorganization are between 80-85% complete, and confidence is high that the Debtor will be able to file both pleadings within the next Fourteen (14) days.

10. Considering the significant progress made and the Debtor's desire to retain exclusivity, the Debtor would assert that cause exists for a short and reasonable fourth extension of the Exclusive Period.

Therefore, the Debtor respectfully requests the court enter an order:

A)  Granting the Debtor's motion;

B)  Extending the Exclusive Period which ends on January 7, 2014, for Fourteen (14) days or to and including January 21, 2014; and

C)  For such other and further relief as the court may find just and equitable under the circumstances.

Respectfully submitted,

Dated: 1/6/2014

*/s/ Jeffrey D. Goetz*
Jeffrey D. Goetz, Esq., IS# 9999366
Bradshaw Fowler Proctor & Fairgrave, PC
801 Grand Avenue, Suite 3700

3

Des Moines, IA  50309-8004
515/246-5817
515/246-5808 FAX
goetz.jeffrey@bradshawlaw.com

General Reorganization Counsel for
Natural Pork Production II, LLP
Debtor and Debtor in Possession

CERTIFICATE OF SERVICE:  This document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing */s/      Barbara Warner*